IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **Gene Martin Auto Sales, Inc.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 2:07cv937-MEF |
| ) | |
| **Kevin Davis, Jonathan Benson,** ) | |
| **Kenneth Harmon, Lt. Lockhart,** ) | |
| **Jason Ousley, Michael Poe,** ) | |
| **and John Shannon,** ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT KEVIN DAVIS'S MOTION TO DISMISS

COMES NOW, the Attorney for the Defendant, Kevin Davis, the Sheriff of Chilton County, Alabama and pursuant to Fed. R. Civ. P. 12(b)6 submits a Motion to Dismiss. As grounds in support of this motion, the Defendant states the following:

1. The Complaint fails to aver sufficient facts to establish that the Plaintiff is entitled to injunctive relief.

2. The Plaintiff lacks standing and capacity to bring this action.

3. The Complaint is due to be dismissed because the Defendant is entitled to Eleventh Amendment immunity.

4. The Complaint is due to be dismissed pursuant to the abstention doctrine. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971).

5. The Plaintiff has failed to state a claim under 42 U.S.C. § 1983, upon which relief can be granted against this Defendant in his individual capacity.

6. The Plaintiff's claims are due to be dismissed because they are unripe for judicial review.

7. The facts alleged in the Complaint fail to show a deprivation of any right or privilege of the Fourth and Fourteenth Amendments.

8. All claims for damages under 42 U.S.C. § 1983 against this Defendant in his official capacity are barred by the Eleventh Amendment to the U.S. Constitution. *Kentucky v. Graham,* 473 U.S. 159, 166 (1985); *Pennhurst State School v. Halderman,* 465 U.S. 89 (1984)

9. The Complaint is due to be dismissed because the Defendant is entitled to absolute immunity in regards to the Plaintiff's claims.

10. The Complaint against the Defendant in his individual capacity is due to be dismissed, as the Defendant is entitled to qualified immunity. *Harlow v. Fitzgerald,* 457 U.S. 800 (1982); *Lassiter v. Alabama A&M Univ.,* 28 F.3d 1146 (11th Cir. 1994).

11. The Defendant in his official capacity is not a person who can be sued under 42 U.S.C. § 1983. Therefore, all civil rights claims against the Defendant are due to be dismissed.

12. All claims against the State of Alabama are due to be dismissed pursuant to the doctrine of sovereign immunity under Article I, § 14 of the Alabama Constitution of 1901. Therefore, this Court should decline to exercise its supplemental jurisdiction over the Plaintiff's state law claims.

13. The Plaintiff is not entitled to compensatory or punitive damages and such claims are due to be dismissed.

14. The Complaint is due to be dismissed because the Plaintiff is not entitled to damages or any other relief.

15. The Defendant pleads immunity under the Federal and State Constitutions, as well as statutory and common law immunity.

Respectfully submitted,

/s/ C. Winston Sheehan, Jr.
C. WINSTON SHEEHAN, JR. (SHE013)
Attorney for the Defendant, Kevin Davis

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148

CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2007, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered persons and that those persons not registered with the CM/ECF system were serve by U.S. Mail:

Hon. Charles Cleveland
CLEVELAND & CLEVELAND, P.C.
2330 Highland Avenue South
Birmingham, Albama 35205

/s/ C. Winston Sheehan, Jr.
OF COUNSEL

3