IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **Gene Martin Auto Sales, Inc.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case Number: 2:07cv937-MEF |
| ) | |
| **Kevin Davis, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANT'S STATUS REPORT

COMES NOW, the attorney for the Defendant, Kevin Davis, and pursuant to this Court's direction respectfully submits this status report. Attached hereto is the Affidavit of Ken Rager, a certified forensic computer examiner with the Alabama Department of Revenue setting out the procedure he is following in obtaining a forensic image/copy of the computers seized pursuant to the attached Search Warrant and picked up by him from Gene Martin Auto Sales, Inc. Mr. Rager has not completed the copying process and has agreed to deliver the fifteen computers to Gene Martin Auto Sales, Inc., on Thursday morning, October 25, 2007.

Also attached is a certified copy of the Affidavit for Search Warrant filed with the Clerk of Chilton County Circuit Court along with a certified copy of the Search Warrant issued by District Judge Rhonda J. Hardesty for these computers.

The Defendant's attorney has discussed with Plaintiff's counsel the return of these computers and the Plaintiff's attorney is not in agreement with the Defendant's proposal for returning the computers seized pursuant to the attached warrant. The attorney for the Defendant has been advised that the "File labeled Jonathan E. Lyerly" will be returned by a Deputy Sheriff as soon as a Chilton County Deputy Sheriff is available to deliver it.

RESPECTFULLY SUBMITTED,

/s/ C. Winston Sheehan, Jr.
C. WINSTON SHEEHAN, JR. (SHE013)
Attorney for Defendant, Kevin Davis

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148
Phone:  (334) 387-7680
Fax:     (334) 387-3222

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2007, I electronically filed the foregoing with the Clerk of the Court, using the ALAFILE system which will send notification of such filing to the following registered persons and that those persons not registered with the ALAFILE system were served by U.S. mail:

Hon. Charles Cleveland
CLEVELAND & CLEVELAND, P.C.
2330 Highland Avenue South
Birmingham, Albama 35205

/s/ C. Winston Sheehan, Jr.
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Gene Martin Auto Sales, Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number: 2:07cv937-MEF |
| | ) |
| Kevin Davis, et al., | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT OF KEN RAGER

Before me, the undersigned notary public, personally appeared Ken Rager, who is personally known to me, who after being duly sworn did depose and say as follows:

My name is Ken Rager and I am employed by the Alabama Department of Revenue. My office is located in the Muscle Shoals Taxpayer Service Center. I have been employed by the State of Alabama for thirteen years and certified as a forensic computer examiner for four years.

On October 18, 2007, I picked up fourteen desktop and one laptop computer from the business known as Gene Martin Auto Sales, Inc.

The fifteen computers obtained from Gene Martin Auto Sales, Inc., had hard drives ranging from 40GB in size up to 320GB in size with one computer containing two drives. Due to the number of computers and their size, I had to take the computers to my lab in Muscle Shoals, Alabama. I set up three imaging stations for the purpose of being able to return the computers to Gene Martin Auto Sales, Inc., as quickly as possible.

The steps involved in obtaining a forensic image/copy of a computer hard drive are as follows:

1. Document the interior and exterior attributes of the computer system.

2. Remove the hard drive/drives from the computer case.

3. Document the drive attributes and photograph the drive.

4. Power on the computer with the hard drive removed and access the system settings and document the date and time and the boot order of the system.

5. Obtain a forensic image or copy of the hard drive. A forensic image is an exact bit-for-bit copy of the entire physical drive. The drive is connected to a forensic computer using a hardware write blocker. A write blocker prevents any data writes or alterations ot the subject drive during the imaging process. By obtaining a bit-for-bit copy of the drive, the forensic computer examiner is able to locate and recover deleted folders, files and other data from unallocated space that <u>would not be available for examination through a typical drive backup procedure.</u> Once the drive is imaged and the integrity of the image verified, the drive is put back in the computer system.

6. The amount of time needed to image a hard drive is dependant upon the physical size of the drive. Typically, a forensic image of a hard drive can be acquired at the rate of approximately 40GB per hour. For example, a drive 200GB in size will take approximately 5 hours to image and approximately another 30 minutes to complete steps 1 through 4 above.

7. Of the fifteen computers, there are 16 hard drives because one of the computers was 320GB, one hard drive that was 300GB, three were 200GB, one that was 160GB, two were 120GB, one was 80GB, one that was 60GB, five were 40GB, and one 10GB.

8. If allowed, I anticipate completing the imaging process on the evening of Wednesday, October 24, 2007. I can return to Gene Martin Auto Sales, Inc., the above fifteen computers on Thursday morning October 25, 2007.

[signature]
KEN RAGER

STATE OF ALABAMA    )
COUNTY OF COLBERT   )

    I, the undersigned, a Notary Public in and for said State and County, hereby certify that the above signed whose name is signed to the foregoing affidavit and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, he executed the same voluntarily.

    Given under my hand this 23rd day of October, 2007.

                                       Christy Dempsey
                                       NOTARY PUBLIC
                                       My Commission Expires: 2-7-2010

I, Glenn McGriff, Clerk of the Circuit Court of Chilton County, Alabama, do hereby certify that the within and foregoing is a true and correct copy, of Search Warrant in Case No. _____ dated 23rd the Oct day of _____ 2007.
_____ Clerk of Court

STATE OF ALABAMA
CHILTON COUNTY

COURT'S ORIGINAL

AFFIDAVIT FOR SEARCH WARRANT

COPY

Comes now Michael Poe, who is employed with the Chilton County Sheriff's Office, for the State of Alabama, personally appearing before me, Rhonda Hardesty, District Judge, being duly sworn, deposes and states:

I have approximately 13 years law enforcement. In that capacity I have been involved in numerous cases involving fraud, theft of property, receiving stolen property, and other narcotic crimes. Through my on the job experiences and training that I have received through my employment, I have become thoroughly knowledgeable in the methods used by persons to conceal information from law enforcement personnel.

Affiant further states that he has reason to believe, probable cause to believe, and does believe that evidence related to theft crimes are being concealed in computers and other documentation located at Gene Martin Auto Sales. Gene Martin Auto Sales is located at the intersection of Hwy 31 and Al Hwy 155 Jemison, Chilton County Alabama.

The foregoing facts tending to establish the issuance of a search warrant are as follows:

On the afternoon of October 12, 2007, Deputy Ken Harmon with the Chilton County Sheriff's Department initiated a traffic stop for speeding on a red Chevrolet S-10 pick-up truck. After running the driver's information through communications, Deputy Harmon discovered that the vehicle had a switched tag. Deputy Harmon arrested the driver for unlawful possession of controlled substance. The driver of the vehicle was identified as John Ritter. Upon inventory of the vehicle, Deputy Harmon discovered another Alabama car tag which law enforcement confirmed to belong to a stolen vehicle out of Hoover. Law enforcement located a vehicle matching the description of the vehicle stolen from Hoover on the property of Gene Martin.

Mr. Ritter was taken to the Chilton County Jail where he requested to speak to someone with the Sheriff's Department. Investigators Mike Poe and Shane Lockhart mirandized Mr. Ritter. During his statement Mr. Ritter stated he had stolen one Ford F-350 truck at the request of Gene Martin. Mr. Martin told Mr. Ritter the description of the vehicle, directions to where it would be located, and best time to retrieve the vehicle. As payment for stealing this vehicle, Martin gave Ritter the methamphetamine and lortab.

Mr. Ritter had previously taken stolen items such as cameras to Mr. Martin and been paid by receiving illegal drugs.

On October 14th and 15th, 2007, Investigators from the Chilton County Sheriff's Department have recovered numerous stolen vehicles from Gene Martin's property. Investigators have also recovered equipment used to alter and replace vehicle identification numbers. Law enforcement personnel believe there is evidence related to

the theft of motor vehicles and evidence of altering vehicle titles located in the computers, video surveillance equipment and other documentation at Gene Martin Auto Sales.

Based on the foregoing, I have probable cause to believe and to believe that Gene Martin has engaged in illegal activities involving various stolen vehicles, car tags, car titles, vin plates, car parts from stolen vehicles and illegal drugs and/or controlled substances and any and all items used to manufacture any of the previously mentioned items. Based upon my training and experience I know that evidence will be discovered on or about Gene Martin Auto Sales and/or out buildings contained within the curtilage, computers, hand written documentation, computer generated documentation, and any files located within the computers including hard drives, discs, diskettes, file folders, downloads, scans, compact discs, programs, Intel Celeron processor, system memory, video memory, CD-ROM drive, cell phone, digital camera internal memory, digital camera memory card, flash drive, modem, and video surveillance equipment.

Sgt. Michael Poe
Investigations, Chilton County Sheriff's Dept.

Sworn and Subscribed before me this _15_ day of _October_, 2007 @ _12_ : _07_ am/pm.

Rhonda J. Hardesty
19th Judicial Circuit
Chilton County

I, Glenn McGriff, Clerk of the Circuit Court of Chilton County, Alabama, do hereby certify that the within and foregoing is a true and correct copy, of _Search Warrant_ in Case No. _____ dated the _23_ day of _Oct_, 2007.
Clerk of Court

## SEARCH WARRANT

STATE OF ALABAMA
IN THE ~~CIRCUIT~~ DISTRICT COURT OF CHILTON COUNTY, ALABAMA

To any duly sworn law enforcement officer of the State of Alabama:

Affidavit in support of application for a search warrant having been made before me, and the courts finding that grounds for the issuance exist on that there is probable cause to believe that they exist, pursuant to Rule 3.8 Alabama Rules of Criminal Procedure, you are hereby ordered and authorized to forwith search, seize and tabulate: all computers, hand written documentation, computer generated documentation, and it's entire contents, including hard drives, disc, diskettes, files, folders, downloads, scans, compact disc, programs, any data, Intel Celeron Processor, System Memory, Video Memory, CD-ROM Drive, Cell Phones, Digital Camera Internal Memory, Digital Camera Memory Cards, Flash Drives, video surveillance equipment and/or Modem having been possessed by Gene Martin Auto Sales Highway 31 Jemison, Chilton County, Alabama.

The court further finds this warrant may be served in daytime only.

Issued under my hand at __12:00__ o'clock p m, this __15__ day of __October__ 2007.

_____
Rhonda J. Hardesty
District Judge
19th Judicial Circuit
Chilton County

I, Glenn McGriff, Clerk of the Circuit Court of Chilton County, Alabama, do hereby certify that the within and foregoing is a true and correct copy, of __Search Warrant__ in Case No. _____ dated Oct. the 23rd day of _____, 2007

_____
Clerk of Court