IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GENE MARTIN AUTO SALES, INC., | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-cv-937-MEF |
| | ) | |
| KEVIN DAVIS, *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

On October 19, 2007, Plaintiff Gene Martin Auto Sales Inc. ("Plaintiff") initiated this

lawsuit by filing a "Complaint" (Doc. # 1). In its Complaint, Plaintiff alleges that it is a an

Alabama corporation that operates a business which sells farming equipment, used cars and

auto parts and which services vehicles and repairs vehicle bodies. Plaintiff further alleges

that it is suing the Sheriff of Chilton County, Kevin Davis ("Davis") and six deputy sheriffs

for Chilton County for actions they took with respect to a search and seizure of Plaintiff's

business premises under color of law. Plaintiff alleges that the defendants took possession

of his place of business, closed it down, and seized certain items of Plaintiff's property.

Plaintiff alleges that the search and the seizure of its property was not supported by probable

cause or legal authority. Plaintiff's Complaint is supported by an affidavit from Gene Martin

as President of Gene Martin Auto Sales, Inc. Plaintiff seeks $10,000,000 in damages. It also

asks the Court to issue a temporary injunction and a permanent injunction enjoining

defendants from "further interfering with the operation of Plaintiff's business and requiring

the defendants to return to Plaintiff possession of its real estate, all checkbooks, records, and other 'personal property.'" Compl. at p. 2.

Since the filing of the suit, the Court has had two telephone status conferences with Plaintiff's counsel and with an attorney representing Davis, but apparently not the other six defendants.   The parties have represented that the business itself has been returned to Plaintiff, but the Plaintiff contends that it cannot operate the business because its computers, which were seized have not been returned.  Davis has filed a copy of a search warrant dated October 15, 2007 authorizing the search of Plaintiff's computers and the affidavit of a computer expert for the Alabama Department of Revenue indicating that it will take until the morning of October 25, 2007 to copy the information needed off of the computers due to the number of computers and the size of the hard drives.  Plaintiff contends that the morning of October 25, 2007 is too late and demands that the Court order the return of the computers today.

Davis, who has appeared through counsel despite the fact that he has not yet been served.  Has filed a motion to dismiss the claims against him on various grounds including various immunities.

This Court now addresses only Plaintiff's request for a temporary restraining order. "One inherent characteristic of a temporary restraining order is that it has the effect of merely preserving the status quo rather than granting most or all of the substantive relief requested in the complaint." *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982). The Court

notes that rather than preserving the status quo, Plaintiff seeks to change it.  By the motion for temporary restraining order, it asks the Court to grant most of the substantive relief requested in its Complaint, namely, the return of its property.  Of course, Plaintiff's remaining demand for monetary damages would remain to be litigated, but as the Court will explain below this very demand undercuts the need for the issuance of the relief requested in the motion for temporary restraining order contained in the Complaint.

Federal Rule of Civil Procedure 65 sets forth the applicable restrictions on this Court's ability to grant a temporary restraining order.  For example, it is clear from the text of Rule 65(b) that a temporary restraining order may not be granted unless

> (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that *immediate and irreparable injury, loss, or damage will result* to the applicant before the adverse party or that a party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the *efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required*.

Fed. R. Civ. P. 65(b) (emphasis added).  The Court finds that Plaintiff has failed to satisfy the requirements of Federal Rule of Civil Procedure 65.  Nowhere in Plaintiff's submissions to this Court does Plaintiff certify in writing the efforts, if any, which have been made to give written or oral notice of this lawsuit or of this application for a temporary restraining order to the all seven adverse parties or their attorneys.  Moreover, Plaintiff does not explicitly claim that such notice should not be required; nor does it provide any reasons why such notice should not be required.  Additionally, the Court finds the factual and legal predicate

for the request for temporary restraining order insufficient.  The injury Plaintiff claims is damage to its business.  As is evident for the damage for ten million dollars in damages in the Complaint, even Plaintiff contends that this is the kind of harm which monetary damages could repair.  Therefore, Plaintiff has not show that immediate and irreparable injury, loss, or damage will result absent entry of the requested temporary restraining order.  *See, e.g., Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987) (An injury is irreparable only if it cannot be undone through monetary remedies).  Accordingly, because Plaintiff has failed to satisfy the necessary prerequisites to the issuance of a temporary restraining order, the Plaintiff's request for a temporary restraining order in the Complaint  (Doc. # 1) is due to be DENIED.

For the foregoing reasons it is hereby ORDERED as follows:

1. The request contained in the Complaint (Doc. # 1) for a temporary restraining order is DENIED.

2. To the extent that Plaintiff intends to seek a preliminary injunction as stated in the Complaint, Plaintiff shall, after providing notice to all defendants named in the Complaint of both the existence of the Complaint and its intent to seek preliminary injunctive relief, file a proper motion for preliminary injunction.  Said motion shall be supported by appropriate factual documentation and a brief containing citations to specific legal authority for all legal arguments and setting forth Plaintiff's contentions regarding its legal entitlement to the relief sought.  A copy of all materials relating to any such motion for preliminary injunction shall

be served on each defendant or his counsel.  After such a motion is filed, the Court will set

a briefing schedule for the motion and a hearing on the motion.

DONE this the 24th day of October, 2007.


_____
/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

1. **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

   (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2.  **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. <u>Rinaldo v. Corbett</u>, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a)  **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b)  **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c)  **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d)  **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e)  **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.  **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. <u>See</u> also Fed.R.App.P. 3(c). A <u>pro se</u> notice of appeal must be signed by the appellant.

4.  **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).