IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GENE MARTIN AUTO SALES, INC., | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO. 2:07-cv-937-MEF |
| | ) |
| KEVIN DAVIS, *et al.*, | ) |
| | ) |
| DEFENDANTS. | ) |

**MEMORANDUM OPINION AND ORDER**

On October 19, 2007, Plaintiff Gene Martin Auto Sales Inc. ("Plaintiff") initiated this lawsuit by filing a "Complaint" (Doc. # 1). In its Complaint, Plaintiff alleges that it is a an Alabama corporation that operates a business which sells farming equipment, used cars and auto parts and which services vehicles and repairs vehicle bodies. Plaintiff further alleges that it is suing the Sheriff of Chilton County, Kevin Davis ("Davis") and six deputy sheriffs for Chilton County for actions they took with respect to a search and seizure of Plaintiff's business premises under color of law. Plaintiff alleges that the defendants took possession of his place of business, closed it down, and seized certain items of Plaintiff's property. Plaintiff alleges that the search and the seizure of its property was not supported by probable cause or legal authority. Plaintiff's Complaint is supported by an affidavit from Gene Martin as President of Gene Martin Auto Sales, Inc. Plaintiff seeks $10,000,000 in damages. It also asks the Court to issue a temporary injunction and a permanent injunction enjoining defendants from "further interfering with the operation of Plaintiff's business and requiring

the defendants to return to Plaintiff possession of its real estate, all checkbooks, records, and other 'personal property.'" Compl. at p. 2.

Since the filing of the suit, the Court has had two telephone status conferences with Plaintiff's counsel and with an attorney representing Davis, but apparently not the other six defendants.  The parties have represented that the business itself has been returned to Plaintiff, but the Plaintiff contends that it cannot operate the business because its computers, which were seized have not been returned.  Davis has filed a copy of a search warrant dated October 15, 2007 authorizing the search of Plaintiff's computers and the affidavit of a computer expert for the Alabama Department of Revenue indicating that it will take until the morning of October 25, 2007 to copy the information needed off of the computers due to the number of computers and the size of the hard drives.  Plaintiff contends that the morning of October 25, 2007 is too late and demands that the Court order the return of the computers today.

Davis, who has appeared through counsel despite the fact that he has not yet been served.  Has filed a motion to dismiss the claims against him on various grounds including various immunities.

This Court now addresses only Plaintiff's request for a temporary restraining order. "One inherent characteristic of a temporary restraining order is that it has the effect of merely preserving the status quo rather than granting most or all of the substantive relief requested in the complaint." *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982). The Court

notes that rather than preserving the status quo, Plaintiff seeks to change it.  By the motion for temporary restraining order, it asks the Court to grant most of the substantive relief requested in its Complaint, namely, the return of its property.  Of course, Plaintiff's remaining demand for monetary damages would remain to be litigated, but as the Court will explain below this very demand undercuts the need for the issuance of the relief requested in the motion for temporary restraining order contained in the Complaint.

Federal Rule of Civil Procedure 65 sets forth the applicable restrictions on this Court's ability to grant a temporary restraining order.  For example, it is clear from the text of Rule 65(b) that a temporary restraining order may not be granted unless

> (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that *immediate and irreparable injury, loss, or damage will result* to the applicant before the adverse party or that a party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the *efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required*.

Fed. R. Civ. P. 65(b) (emphasis added).  The Court finds that Plaintiff has failed to satisfy the requirements of Federal Rule of Civil Procedure 65.  Nowhere in Plaintiff's submissions to this Court does Plaintiff certify in writing the efforts, if any, which have been made to give written or oral notice of this lawsuit or of this application for a temporary restraining order to the all seven adverse parties or their attorneys.  Moreover, Plaintiff does not explicitly claim that such notice should not be required; nor does it provide any reasons why such notice should not be required.  Additionally, the Court finds the factual and legal predicate

for the request for temporary restraining order insufficient.  The injury Plaintiff claims is damage to its business.  As is evident for the damage for ten million dollars in damages in the Complaint, even Plaintiff contends that this is the kind of harm which monetary damages could repair.  Therefore, Plaintiff has not show that immediate and irreparable injury, loss, or damage will result absent entry of the requested temporary restraining order.  *See, e.g., Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987) (An injury is irreparable only if it cannot be undone through monetary remedies).  Accordingly, because Plaintiff has failed to satisfy the necessary prerequisites to the issuance of a temporary restraining order, the Plaintiff's request for a temporary restraining order in the Complaint  (Doc. # 1) is due to be DENIED.

For the foregoing reasons it is hereby ORDERED as follows:

1. The request contained in the Complaint (Doc. # 1) for a temporary restraining order is DENIED.

2. To the extent that Plaintiff intends to seek a preliminary injunction as stated in the Complaint, Plaintiff shall, after providing notice to all defendants named in the Complaint of both the existence of the Complaint and its intent to seek preliminary injunctive relief, file a proper motion for preliminary injunction.  Said motion shall be supported by appropriate factual documentation and a brief containing citations to specific legal authority for all legal arguments and setting forth Plaintiff's contentions regarding its legal entitlement to the relief sought.  A copy of all materials relating to any such motion for preliminary injunction shall

be served on each defendant or his counsel.  After such a motion is filed, the Court will set a briefing schedule for the motion and a hearing on the motion.

DONE this the 24th day of October, 2007.

/s/ Mark E. Fuller<br>
CHIEF UNITED STATES DISTRICT JUDGE