IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Gene Martin Auto Sales, Inc., | ) |
| Plaintiff, | ) |
| v. | ) Case Number: 2:07cv937-MEF |
| Kevin Davis, et al., | ) |
| Defendants. | ) |

### BRIEF IN SUPPORT OF MOTION TO DISMISS

COMES NOW, the Defendant, Kevin Davis, the Sheriff of Chilton County, Alabama, and pursuant to the Order of this Court dated October 24, 2007 [Doc. 9], submits the following Brief in Support of his Motion to Dismiss.

**I.**

**THE PLAINTIFF'S COMPLAINT IS DUE TO BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM AGAINST THIS DEFENDANT**

In the Complaint, the Plaintiff contends that it is bringing a cause of action under § 1983 against seven Defendants who acted under color of State law. Specifically, the Plaintiff alleges that the "Court has jurisdiction under the provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C 1983." It is undisputed that State Court criminal proceedings are pending against Gene Martin, the President of Gene Martin Auto Sales, Inc., arising out of arrests, searches and seizures in Chilton County, Alabama.

42 U.S.C. § 1983 provides a remedy when a person acting under color of State law deprives a Plaintiff of a right, privilege, or immunity secured by the Constitution, laws, or

treatises of the United States. Graham v. Conner, 490 U.S. 386, 393-94 (1989) ("§ 1983 is not itself a source of substantive rights, but merely provides a method for vindicating Federal rights elsewhere conferred") (Internal quotes omitted); Cummings v. DeKalb County, 24 F.3d 1349, 1355 (11th Cir. 1994).

In the instant action, the Defendant, Kevin Davis, has not engaged in any acts against the Plaintiff that would invoke § 1983 liability. First, the Plaintiff has not articulated a viable Fourth Amendment claim against Kevin Davis. Second, the Plaintiff has not asserted a valid Fourteenth Amendment claim nor could the Plaintiff.

The Plaintiff cannot demonstrate that it does not have an adequate legal remedy in State court to address the claims raised in the Complaint. There is a pending proceeding in the Chilton County District Court. Under Section 15-5-3 of the Code of Alabama (1975 as amended) and Rule 3.9, Alabama Rules of Criminal Procedure, a search warrant can only be issued on probable cause, supported by an affidavit naming or describing the person and particularly the place to be searched. Under § 15-5-5, of the Code, supra, the Judge must issue the warrant if she is satisfied of the grounds of the application or that there is probable ground to believe their existence. Under § 15-5-15 of the Code, if the grounds on which a search warrant was issued should be controverted, the Judge must proceed to hear testimony. Under § 15-5-16 of the Code and Rule 3.13, Alabama Rules of Criminal Procedure, the Judge must direct the property to be restored to the person from whom it was taken if it appears there was no probable cause for believing the existence of the ground on which the warrant was issued. These state procedures provide a remedy at law which, in essence, is the same remedy Plaintiff seeks in Federal Court as injunctive relief.

Some underlying constitutionally protected right must exist before a § 1983 claim may proceed. The Plaintiff has failed to plead sufficient facts to first of all invoke this Court's jurisdiction, and also fails to state a violation of the Constitution by this Defendant.

## II.

**THE PLAINTIFF'S COMPLAINT IS DUE TO BE DISMISSED UNDER THE ELEVENTH AMENDMENT**

The Complaint against the Defendant, Kevin Davis, who is the Chilton County Sheriff, does not state whether it is brought against him in his official or individual capacity. The Defendant will discuss the claim as if brought against him in both capacities.

The Eleventh Amendment to the United States Constitution bars suits against a State in Federal Court, unless the State's immunity has either been waived by the State or abrogated by Congress in a valid exercise of its authority. When Congress enacted 42 U.S.C. § 1983, it did not intend to abrogate immunities "well-grounded in history and reason." Tenney v. Brandhove, 341 U.S. 367, 376 (1951). The Supreme Court has explained that certain immunities were so well established at the time 42 U.S.C. § 1983 was enacted in 1871 that it assumed "Congress would have specifically so provided had it wished to abolish" them. Buckley v. Fitzsimmons, 509 U.S. 259, 268 (1993).

An Eleventh Amendment immunity defense is jurisdictional. Edelman v. Jordan, 415 U.S. 651, 677-78 (1974). Alabama Sheriffs are specifically designated under the Alabama Constitution as being a member of the Executive Department of State Government. Article V, § 112, Alabama Constitution of 1901. The Court lacks jurisdiction to hear claims in which the Eleventh Amendment is applicable to the Defendant. If the Plaintiff's claim is asserted against

this Defendant as a State official, the Eleventh Amendment to the United States Constitution bars all such claims against him.

Sheriffs are State officers, and claims brought against Sheriffs based on their official acts therefore constitute suits against the State, not suits against the Sheriff.  Sheriffs act on behalf of the State, rather than the County, when acting in their law enforcement capacity. McMillian v. Monroe County, 520 U.S. 781 (1997).  As such, Sheriff Kevin Davis is absolutely immune from all suits for damages based on his official acts.

Further, the Alabama Constitution provides that the State of Alabama shall never be made a defendant in any court of law or equity. Ala. Constitution Art. I, § 14 (1901).  The Defendant maintains that his immunity with respect to all of the Plaintiff's claim has not been abrogated away.  Accordingly, the Plaintiff's claim is barred.

As a State official, the Defendant, Sheriff Kevin Davis, is entitled to immunity under the Eleventh Amendment.  Art. I, § 14 of the Alabama Constitution (1901) provides State officials with absolute immunity from being sued where the lawsuit is, in effect, against the State.  Tinney v. Shores, 77 F.3d 378, 382-83 (11th Cir. 1986).

This Defendant is immune from liability for all damages asserted against him in his official capacity.

**III.**

**THE DEFENDANT IS DUE TO BE DISMISSED DUE TO QUALIFIED IMMUNITY**

Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Vinyard v. Wilson, 311

F.3d 1340, 1346 (11th Cir. 2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Accord, Hope v. Pelzer, 536 U.S. 730 (2002). "The purpose of this immunity is to allow government officials to carry out their discretionary duties without fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002) (internal quotation marks and citations omitted." See also Wood v. Kesler, 323 F.3d 872 (11th Cir. 2003).

Kevin Davis is entitled to qualified immunity in regards to any personal liability to the Plaintiff. As stated by the 11th Circuit, "qualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wilson v. Blakenship, 163 F.3d 1284, 1288 (11th Cir. 1998), quoting Lassiter v. Alabama A&M Univ. Bd. of Trustees, 28 F3d 1146, 1149 (11th Cir. 1994) (en banc). Because the alleged acts of the Defendant consisted of discretionary functions and the actions did not violate clearly established constitutional or statutory rights, the Defendant is protected by qualified immunity. Thus, the Plaintiff's claims for liability and damages against Kevin Davis individually, are due to be dismissed.

In the instant case, the Complaint also fails to meet the requisite heightened pleading standard. The Defendant is left to guess under what particular constitutional theory the Plaintiff seeks to recover against him. "The liberal standard of notice pleading still requires a Plaintiff to provide the Defendant with fair notice of the factual grounds on which the Complaint rests. Johnson v. BellSouth Telecommunications, 372 F.3d 1250, 1271 (11th Cir. 2004). To evaluate the claims of qualified immunity, the Court must first determine whether the Defendant will lose his shield of immunity.

In recognition of these principles and to shield individual officers from burdens of discovery, the 11th Circuit has articulated heightened pleading standards for claims against individual officers for alleged violations of constitutional rights. See Oladeinde v. City of Birmingham, 963 F.2d 1481 (11th Cir. 1992), cert. denied, 507 U.S. 987 (1993) (To eliminate non-meritorious claims and protect public officials from attracting litigation). These standards mandate that Plaintiff's alleged facts show the existence of the asserted constitutional right and how the Defendant violated it. The Plaintiff must plead specific facts with sufficient particularity to meet all the elements necessary to lay a foundation for recovery. Kearson v. Southern Bell Tel. & Tel. Co., 763 F.2d 405, 407 (11th Cir. 1985) (Per curiam), cert. denied, 474 U.S. 1065 (1986).

Absent particularized allegations detailing the conduct of the Defendant in explaining how the alleged conduct violated clearly established law, the suit against this Defendant should be dismissed in its entirety. Arrington v. Dickerson, 915 F. Supp. 1503, 1513 (M.D. Ala. 1995).

Accordingly, the Plaintiff's claims for damages against Sheriff Kevin Davis in his official and individual capacity are due to be dismissed.

## IV.

**THE COMPLAINT IS DUE TO BE DISMISSED BECAUSE THE PLAINTIFF IS NOT ENTITLED TO INJUCTIVE RELIEF**

The Defendant asserts that the Plaintiff is not entitled to any injunctive relief. This Court on October 24, 2007, entered an Order denying the Plaintiff a temporary restraining Order. (Doc. 8). The factors required for a preliminary injunction are: "a substantial threat that the Plaintiff will suffer irreparable injury if the injunction is not granted; a showing that the threatened injury to the Plaintiff outweighs the threatened harm the injunction may do to the Defendant; and that

granting the preliminary injunction will not disserve the publice interest." Johnson v. USDA, 734 F.2d 774, 781 (11th Cir. 1984).

The Plaintiff cannot prove any irreparable injury to allow for an injunction. Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987). The 11th Circuit has previously held that 'mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough to [constitute irreparable injury]. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Snook v. Trust Company of Georgia Bank of Savannah, 909 F.2d 480, 486 (11th Cir. 1990). Further, irreparable injury exists if the challenged provision is 'flagrantly and patently violative of express constitutional prohibitions' or if 'unusual circumstances exist that would call for equitable relief.' Butler v. Alabama Judicial Inquiry Commission, 245 F.3d 1257, 1264 (11th Cir. 2001).

The Plaintiff cannot show that the threat of harm outweighs the threatened harm an injunction will do to the Defendant. If this Honorable Court were to grant an injunction, the Defendant asserts that such a ruling would significantly impinge on his ability as the chief law enforcement officer for Chilton County to enforce criminal laws in Alabama. Additionally, it is in the public interest that the Sheriff be able to carry out the responsibilities that he assumes as chief law enforcement officer in his county. The Plaintiff's request for injunctive relief should be denied based upon the pleadings.

## V.

### THE PLAINTIFF'S COMPLAINT IS DUE TO BE DISMISSED UNDER THE ABSTENTION DOCTRINE

Pursuant to Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that 'a basic doctrine of equity jurisprudence is that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.' Luckey v. Miller, 976 F.2d 673, 676 (11th Cir. 1992) Moreover, the Younger Court ruled that 'abstention from interference in state criminal proceedings served the vital consideration of comity between the State and National governments.' *Id*.

The Eleventh Circuit Court of Appeals addressed this issue in Butler v. Alabama Judicial Inquiry Com'n, and the Court, in considering whether the abstention doctrine applied, states as follows:

> In Butler I, we said that "[plaintiff] bears the burden to establish that the state procedures are *inadequate*." 245 F.3d at 1262 (emphasis in original). We said "[m]inimal respect for the state processes, of course, precludes any *presumption* that the State courts will not safeguard Federal constitutional rights." *Id.* (emphasis in original) (quoting Middlesex County Ethics Comm. v. Garden State Bar Assoc., 457 U.S. 423, 102 S.Ct. 2515, 1521, 73 L.Ed.2d 116 (1982)). So, we start with the belief that State courts are commonly able to address Federal constitutional challenges adequately. The Federal plaintiff, having failed to raise his Federal claims in the ongoing State proceeding, must overcome this premise by demonstrating inadequate State remedies….

8

> ….
>
> But, in the interest of comity and federalism, we err--if we err at all--on the side of abstaining. <u>Butler v. Alabama Judicial Inquiry Commission</u>, 261 F3d 1154, 1159 (11th Cir. 2001).

The Plaintiff seeks judicial intervention by this Court in an attempt to usurp the pending State criminal action against it. The proper forum for a decision about the arrests and searches conducted at the Plaintiff's business rests in State Court. See Ala. Code Sections 15-5-3, et seq. and Rule 3.13, Alabama Rules of Criminal Procedure.

Because the Plaintiff has an adequate remedy at law in State Court, and pursuant to the principles of federalism and comity, this Honorable Court should abstain from exercising jurisdiction over the Plaintiff's claims.

## **CONCLUSION**

Based on the foregoing arguments, the Complaint against the Defendant fails to present any claims with an arguable or rational basis in law or fact.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that this Honorable Court will enter an Order dismissing this action with prejudice.

/s/ C. Winston Sheehan, Jr.
C. WINSTON SHEEHAN, JR. (SHE013)
Attorney for Defendant, Kevin Davis

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama 36102-2148
Phone: (334) 387-7680
Fax:     (334) 387-3222

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 2, 2007, I electronically filed the foregoing with the Clerk of the Court, using the ALAFILE system which will send notification of such filing to the following registered persons and that those persons not registered with the ALAFILE system were served by U.S. mail:

Hon. Charles Cleveland
CLEVELAND & CLEVELAND, P.C.
2330 Highland Avenue South
Birmingham, Alabama 35205

                                             /s/ C. Winston Sheehan, Jr.
                                             OF COUNSEL