UNITED STATES DISTRICT COURT
MIDDLE DIVISION OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Gene Martin Auto Sales, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number: 2: 07 CV 937-MEF |
| ) | |
| Kevin Davis, Jonathan Benson, ) | |
| Kenneth Harmon, Lt. Lockhart, ) | |
| Jason Ously, Michael Poe, ) | |
| and John Shannon, ) | |
| ) | |
| Defendants. ) | |

<u>PLAINTIFF'S RESPONSE TO DAVIS' MOTION TO DISMISS AND BRIEF</u>

Gene Martin Auto Sales, Inc., the plaintiff in the above case submits this response to Kevin Davis's Motion To Dismiss filed on October 22, 2007 and his Brief In Support Of Motion To Dismiss filed on November 2, 2007.

**The Complaint States A Cause Of Action Against Davis**

The complaint alleges that on October 12, 2007, the defendants took possession of the plaintiff's place of business and closed it down. The defendants are Davis, who is the sheriff of Chilton County, Alabama, and some of his deputies. They acted under color of state law, but without any probable cause or legal authority. The affidavit of Gene Martin which was incorporated into the complaint by reference adds more detail. On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Leatherman v. Tarrant City, NICU*, 507 U.S. 163 (1993)

In *Leatherman*, the court reversed the dismissal of a complaint alleging §1983 claim against a municipality. The court held that the Federal Rules of Civil Procedure, Rule 8(a)(2) only required a "short and plain statement of the claim showing that the pleader is entitled to relief." The court recognized the heightened pleading standard for claims against officials who may be afforded qualified immunity. This issue will be discussed in this brief under the appropriate heading.

In *Messick v. Leavins*, 811 F.2d 1439 (11th Cir. 1987), the court reversed a judgment for a municipality and individual defendants, holding that the complaint stated a § 1983 cause of action for deprivation of property in violation of the due process clause of the Fourteenth Amendment. In order to clear land for use by the city's annual seafood festival and without notice to the plaintiffs, the defendants, acting under color of state law, burned the plaintiffs' barge which was located on the land.

In his brief, Davis cited *Graham v. Conner*, 490 U.S. 386 (1989) and *Cummings v. DeKalb County*, 24 F.3d 1349 (11th Cir. 1994). Neither of these cases involve the adequacy of a complaint on a motion to dismiss.

Acting under color of state law but without any legal authority, Davis took possession of the plaintiff's business premises and closed the plaintiff's business. This is a sufficient allegation of the deprivation of the plaintiff's property without due

process in violation of the Fourteenth Amendment and sufficiently states a §1983 cause of action.

**The Eleventh Amendment Does Not Require A Dismissal Of This Complaint.**

The Eleventh Amendment prohibits a suit by private parties seeking to impose a liability from state funds. *Edelman v. Jordan*, 415 U.S. 651 (1974). It also prohibits a federal court from ordering state officials to conform their conduct to state law. *Pennhurst v. Halderman*, 465 U.S. 89 (1984) A sheriff and his deputies are entitled to sovereign immunity from state law claims. *Tinny v. Shores*, 77 F.3d 378 (11th Cir. 1996). The Eleventh Amendment does not prohibit a §1983 suit against a sheriff for the deprivation of a federally protected right.

The complaint in this case alleges the violation of the plaintiff's rights under the Fourth and Thirteenth Amendments. It does not allege any state law claims. Any judgment in this case would not be payable from state funds.

**The Defendant Is Not Entitled To Qualified Immunity**

In *O'Rourke v. Hayes*, 378 F.3d 1201 (11th Cir. 2004), the court explained qualified immunity as follows:

> Government officials sued for acts committed in the course of their official duties may invoke the defense of qualified immunity. To be even potentially eligible for qualified immunity, the official has the burden of establishing that he was acting "within the scope of his discretionary authority" Hartsfield v.

Lemacks, 50 F.3d 950, 953 (11th Cir. 1995). A defendant unable to meet this burden may not receive summary judgment on qualified immunity grounds. Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002)("**If the defendant was not acting within his discretionary authority, he is ineligible for the benefit of qualified immunity.**") In making this determination, instead of focusing on whether the acts in question involved the exercise of actual discretion, we assess whether they are of a type that fell within the employee's job responsibilities. Our inquiry is two-fold. We ask whether the government employee was (a) performing a legitimate job-related function (that is, pursuant a job-related goal), (b) through means that were within his power to utilize.... In applying each prong of this test, we look to the general nature of the defendant's action, temporarily putting aside the fact that it may have been committed for an unconstitutional purpose, in an unconstitutional manner, to an unconstitutional extent, or under constitutionally inappropriate circumstances.

...

Once a government official demonstrates that he is potentially entitled to qualified immunity, the burden shifts to the plaintiff to demonstrate that the official is not actually entitled to it. Id. At 1266. The plaintiff must show that the defendant violated a constitutional right, and that the right was clearly established at the time of the alleged violation. Id at 1266. **When qualified immunity is asserted in the context of a motion to dismiss, we look to the pleadings to see if the plaintiff has successfully alleged the violation of a clearly established right.** (Emp.Add.)

In *Willingham v. Loughnan*, 321 F.3d 1299 (11th Cir. 2003), the court explained

a clearly established right. The court said:

"For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" (quoting Anderson v. Creighton, 107 S.Ct. 3034, 3039 (1987)(emphasis added). The unlawfulness must have been apparent. Id. In many - if not most- instances, the apparency of the unlawful action will be established by (if it can be established at all) preexisting case law which is sufficiently similar in facts to the facts confronting an officer, such that we can say every objectively reasonable officer would have been on "fair notice" that the behavior violated a constitutional right.

    The Supreme Court in the Hope opinion stresses that preexisting case law with "materially similar" or :"fundamentally similar" facts is not always necessary to give an official "fair warning" of unlawful behavior. Id. At 2516. "Although earlier cases involving 'fundamentally similar' facts can provide especially strong support for a conclusion that the law is clearly established, they are not necessary to such a finding." Id. General statement of the law contained within the Constitution, statute, or case law may sometimes provide 'fair warning' of unlawful conduct: [G]eneral statements of the law are not inherently incapable of giving fair and clear warring, and in other instances a general constitutional rule already identified in the decisional law my apply with obvious clarity to the specific conduct in question, even though the very action in question has [not] previously been held unlawful.

    In *St. George v. Pinelas County*, 285 F.3d 1334 (11th Cir. 2002), the court reversed a judgment dismissing the plaintiff's §1983 claims against a sheriff on the basis of qualified immunity. The complaint alleged that the officer, Mitchell, went to St. George's resident in response to a report of shots fired and illegal drugs in a gray car in the vicinity, and another report of man running in the vicinity wearing shorts, baseball cap, and no shirt. When he arrived he saw St. George wearing shorts, gray t-shirt, and bareheaded running into the residence. The officer looked through the kitchen window, saw St. George, and shot him. St. George had a gun in its holster and a small green box. Accepting the pleaded facts as true, the court held that the plaintiffs had met their burden of persuasion.

    In *Epps v. Watson*, 071807 FED11, 06-13378, the court said:

Under the alleged facts, a reasonable public official in Tax Commissioner Watson's place could not have believed that firing Epps from her job as a clerk did not violate First Amendment law. As a result Tax Commissioner Watson

is not entitled to dismissal on the basis of qualified immunity with respect to Epps' First Amendment claim as that stage of the case. Moreover, the Amended Complaint states a cause of action sufficient to withstand a 12(b)(6) motion regarding Epps' procedural due process claim.

Davis cited *Oladelinde v. City of Birmingham*, 963 F.2d 1481 (11th Cir. 1992). In that case the court held that the complaint successfully stated a free-speech claim against three of the defendants. Taking the allegations of the complaint as true, these defendants were not entitled to a dismissal on the basis of qualified immunity.

In *Hartsfield v. Lemacks*, 50 F.3d 950 (11th Cir. 1995), the court reversed a summary judgment in favor of law enforcement officers who entered the wrong house to execute a presumably valid search warrant for a nearby house. The court said that it was a well established principal of Forth Amendment law that searches and seizures of a home without a warrant was presumptively unreasonable. The officers did not have a search warrant nor probable cause to search the plaintiff's home.

The complaint in the present case, including Mr. Martin's affidavit, alleges that on October 12, 2007 at about 4:30 in the afternoon the defendants, acting under color of state law, took over control of the plaintiff's place of business on Highway 31 in Jemison, Alabama. They took possession of the real estate, closed plaintiff's business, blocked the entrance, turned away customers, intercepted the mail, and seized all of the personal property located on the premises. At the time, they did not have a search warrant, or any legal authority, or any probable cause. They later obtained several

search warrants, but the search warrants did not authorize them to take control of the plaintiff's business and close it down.

Any reasonable law enforcement officer knows that the actions alleged in the complaint are unlawful and a violation of the plaintiff's rights under the Fourth and Fourteenth Amendments to Constitution of the United States. The complaint sufficiently states a cause of action under 42 U.S.C. §1983 to defeat any claim by Davis of qualified immunity.

**Plaintiff's Claim For Injunctive Relief**

In view of the court's order issued on October 24, 2007, the plaintiff's claims for injunctive relief is moot at this time.

**Conclusion**

Defendant Kevin Davis's Motion To Dismiss should be overruled.

/s/ Charles Cleveland
Charles Cleveland, Attorney for
Gene Martin Auto Sales, Inc.

**Cleveland & Cleveland, P. C.**
2330 Highland Avenue South
Birmingham, Alabama 35205
(205) 322-1811
(205) 322-1848 (fax)
E-mail: ClevelandAtty@hotmail.com

## **CERTIFICATE OF SERVICE**

      In accordance with Local Rule 5.4, I hereby certify that I have electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will send notification of such filing to the following:

Winston Sheehan
Ball, Ball, Matthews & Novak, PA
2000 Interstate Park Drive
Suite 204
Post Office Drawer 2148
Montgomery, Alabama 36102
(334) 387-3222 (fax)

                                                          Charles Cleveland

Cleveland & Cleveland, P. C.
2330 Highland Avenue South
Birmingham, Alabama 35205
(205) 322-1811
(205) 322-1848 (fax)
E-mail: ClevelandAtty@hotmail.com