IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **Gene Martin Auto Sales, Inc.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case Number: 2:07cv937-MEF |
| ) | |
| **Kevin Davis, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DAVIS' MOTION TO DISMISS

COMES NOW, the Defendant, Sheriff Kevin Davis, and pursuant to this Court's Order [Doc. 9] respectfully submits this Reply Brief. Since the Plaintiff in its Response has conceded that it is not entitled to any injunctive relief, the Defendant will limit his reply to those matters raised in the Plaintiff's Response to Davis' Motion to Dismiss and Brief [Doc 11].

I.   The complaint fails to state a cause of action against Kevin Davis

The Plaintiff refers to Kevin Davis only in the style of this case and indirectly in his representative capacity as the Sheriff in Paragraph 3 of the Complaint [Doc. 1].

The Plaintiff in its Response relies upon Leatherman v. Tarrant City, NICU, 507 U.S. 163 (1993). The Eleventh Circuit Court of Appeals has recognized the Leatherman holding and has set out specific pleading requirements under circumstances such as presented in this case.

Rule 8(a)(2) of the Federal Rules of Civil Procedure generally sets the benchmark for determining whether a complaint's allegations are sufficient to survive a Rule 12(b)(6) motion. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). In 42 U.S.C. § 1983 actions, however, where government officials sued in their individual capacities

may be entitled to qualified immunity, the Eleventh Circuit has "tightened" the pleading requirements. GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir.1998); see also Magluta v. Samples, 256 F.3d 1282, 1284 (11th Circ.2001) (recognizing that, in the Eleventh Circuit, a complaint must be pleaded with "heightened specificity … in civil rights actions against public officials who may be entitled to qualified immunity"). Accordingly, in determining whether a plaintiff has stated a § 1983 claim against a defendant in his or her individual capacity, courts must be "guided both by the regular 12(b)(6) standard and by the heightened pleading requirement." GJR Investments, 132 F.3d at 1367.

Moreover, in the context of a Rule 12(b)(6) assertion of qualified immunity, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). As explained in Marsh v. Butler, "The Supreme Court has urged [courts] to apply the affirmative defense of qualified immunity at the earliest possible stage in litigation because the defense is immunity from the suit and not from damages only." 268 F.3d 1014 (11th Cir. 2001), *implicitly modified on other grounds by* Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002).

II.   The Eleventh Amendment requires a dismissal of the official capacity claims

The Eleventh Amendment principles clearly operate to bar Plaintiff's § 1983 claims for money damages against Sheriff Kevin Davis in his official capacity. See Robinson v. Georgia Dept. of Trans., 966 F.2d 637, 640 (11th Cir. 1992) ("Congress, in passing § 1983, did not intend to override the immunity guaranteed to the states by the Eleventh Amendment"). This Court in Browning v. City of Wedowee, Ala., 883 F.Supp. 618, 621 (N.D.Ala. 1995) dismissed the § 1983 claims for money damages against the Sheriff in his official capacity pursuant to Eleventh

Amendment immunity. See also <u>Lancaster v. Monroe County, Ala</u>., 116 F.3d 1419, 1429 (11th Cir. 1997) in which the Court noted that the District Court correctly granted Summary Judgment on § 1983 official capacity claims because Alabama Sheriffs are state officials protected by Eleventh Amendment immunity.

   III.   <u>Kevin Davis is Entitled to Qualified Immunity</u>

Kevin Davis has invoked qualified immunity as a defense, and he seeks dismissal due to the Plaintiff's failure to comply with the more exacting pleading requirements set out by the Eleventh Circuit. See <u>Dalrymple v. Reno</u>, 334 F.3d 991, 996 (11th Cir. 2003)

Even if the Court finds that Plaintiff has established a Fourth Amendment claim, the Defendant is entitled to qualified immunity on the claims brought against him in his individual capacity. Qualified immunity is designed to allow government officials sued under §1983 to avoid the expense and disruption of trial. <u>Williams v. Gold Allison</u>, 4 F.Supp.2d 1112, 1122 (M.D. Ala.1998)(citing <u>Ansley v. Heinrich</u>, 925 F.2d 1339, 1345 (11th Cir.1991)). Officials performing discretionary functions that do not violate clearly established law are entitled to qualified immunity. <u>Williams</u>, 4 F.Supp.2d at 1122 (citing <u>Lancaster v. Monroe County, Alabama</u>, 116 F.3d 1419, 1424 (11th Cir.1997).

The Doctrine of Qualified Immunity generally shields government officials performing discretionary functions from civil liability when their conduct does not violate clearly-established Constitutional rights which a reasonable person would have known. See <u>Hope v. Pelzer</u>, 536 U.S. 730, 739-41 (2002); <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982).

This Court has held that "the Plaintiff must establish an affirmative causal connection between the act or omission complained of and the alleged constitutional deprivations in order to

3

sustain a § 1983 cause of action against the defendant." Ludlam v. Coffee County, 993 F.Supp. 1421 (M.D. Ala. 1998).

The United States Supreme Court has repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in the litigation. See Hunter v. Bryant 502 U.S. 224 (1991). The Plaintiffs have failed to show any connection between the conclusionory allegations in the Complaint and this Defendant Kevin Davis. The Plaintiff has not alleged sufficient facts to support its claims.

For the foregoing reasons, the Defendant respectfully requests this Honorable Court to dismiss the complaint.

/s/ C. Winston Sheehan, Jr.
C. WINSTON SHEEHAN, JR. (SHE013)
Attorney for Defendant, Kevin Davis

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148
Phone:  (334) 387-7680
Fax:    (334) 387-3222

**CERTIFICATE OF SERVICE**

     I hereby certify that on November 16, 2007, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered persons and that those persons not registered with the CM/ECF system were served by U.S. mail:

Hon. Charles Cleveland
CLEVELAND & CLEVELAND, P.C.
2330 Highland Avenue South
Birmingham, Alabama 35205

                                            /s/ C. Winston Sheehan, Jr.
                                            OF COUNSEL