IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GENE MARTIN AUTO SALES, INC., ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO. 2:07cv937-MEF |
| ) | |
| KEVIN DAVIS, et al., ) | (WO- DO NOT PUBLISH) |
| ) | |
| DEFENDANTS. ) | |

**MEMORANDUM OPINION AND ORDER**

This case alleges that the named defendants, Kevin Davis ("Davis") who is the Sheriff of Chilton County, Alabama and some of his Deputy Sheriffs, violated the constitutional rights of the Plaintiff, an Alabama corporation, by seizing the principal place of business, closing it down, and seizing records and computers necessary to operate the business without legal authority or probable cause. This cause is before the Court on Defendant Kevin Davis's Motion to Dismiss (Doc. #4) filed on October 22, 2007. By this motion, Davis, who is the sole remaining defendant to this action,[1] asks this Court to dismiss all claims against him with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is due to be GRANTED.

**JURISDICTION AND VENUE**

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331

---

[1] By an Order (Doc. # 14) dated March 3, 2008, this Court dismissed all claims against the other named defendants to this action without prejudice due to Plaintiff's failure to timely serve them.

and 1343(a)(4). Additionally, defendants have not argued that the Court does not have personal jurisdiction over each of them. There is no dispute over whether venue pursuant to 28 U.S.C. § 1391(b) is appropriate as alleged.

## FACTUAL PREDICATE

Because of the procedural posture of this case, the Court will accept as true all factual allegations contained in the Plaintiff's Complaint or any attachment to that document. Plaintiff is an Alabama corporation with its principal place of business in Chilton County, Alabama. It is a franchise dealer for Massey-Ferguson farming equipment. Plaintiff also operates a used car sales business, a service shop, a body shop, and a parts department. Plaintiff has forty-seven employees.

On or about 4:30 p.m. on October 12, 2007, Plaintiff alleges that "the defendants" took possession of its place of business, closed it down, and seized its checkbooks, records, inventory, and other items of "personal" property. Compl. at ¶ 4. Specifically, Plaintiff contends that Kenneth Harmon ("Harmon") and Jonathan Benson ("Benson"), Deputy Sheriffs of Chilton County, came to the business and took it over. Doc. 1-2 at ¶ 3.[2] One week later when Plaintiff filed this lawsuit, the defendants allegedly still had possession of

---

[2] The affidavit of Gene Martin ("Martin"), the president of the Plaintiff corporation is both attached to the Complaint as an exhibit (Doc. # 1-2) and incorporated by reference by Paragraph 5 of the Complaint. Incorporating this exhibit by reference makes it a part of the Complaint. *See* Fed. R. Civ. P. 10(c). Attaching it to the Complaint as an exhibit has the same effect. *Id.* According to Martin's affidavit, it was Harmon and Benson who took control of Plaintiff's property, represented to Plaintiff's office manager that they had a warrant, but refused to show it. *See* Doc. # 1-2.

Plaintiff's property. Plaintiff alleges that the seizure of his property was without probable cause or legal authority. Specifically, Plaintiff alleges that the defendants stated that they had a search warrant, but refused to show it or provide him with a copy. Plaintiff alleges that a search warrant was actually not issued until about three hours after the seizure commenced. Plaintiff also alleges that the search warrants were defective and not issued in accordance with state law.

Plaintiff alleges that Defendants have illegally seized and taken possession of its real estate, its corporate checkbooks, its franchise checkbooks, its records, its inventory, vehicles, computers, computer records, and "other items of personal property." *See* Doc. # 1-2 at ¶ 6. As a result of defendants' actions, Plaintiff alleges that it has suffered lost business and is in danger of losing its Massey-Ferguson franchise. *Id*. at ¶ 7. Plaintiff also alleges that its mail has been intercepted and opened and that defendants will not release the mail to corporate representatives. *Id*. at ¶ 9. Finally, Plaintiff alleges that defendants have turned customers away from Plaintiff's business, harassed customers, and seized property of customers. *Id*. at ¶ 10.

**PROCEDURAL HISTORY**

On October 19, 2007, a Plaintiff filed Complaint against Davis, Benson, Harmon, and four other Deputy Sheriffs for Chilton County. Pursuant to 42 U.S.C. § 1983, Plaintiff seeks damages of $10,000,000 and injunctive relief from the defendants. Plaintiff does not indicate whether he is suing the defendants in their individual capacities, their official capacities, or

both capacities. As part of Plaintiff's initial requests for injunctive relief, it sought a temporary injunction and a permanent injunction "enjoining the defendants from further interfering with the operation of the plaintiff's business, and requiring the defendants to return to the plaintiff possession of its real estate, all of its checkbooks, records, and other personal property." (Doc. # 1 at pp. 2-3.

Through negotiations which occurred after the initiation of the lawsuit, Plaintiff's business was returned to it and eventually Plaintiff's computers were also returned. On October 24, 2007, the Court entered a Memorandum Opinion and Order (Doc. # 8) denying Plaintiff's request for a temporary injunction. After this Court denied Plaintiff's request for a temporary injunction, Plaintiff stated that his claims for injunctive relief were moot. *See* Doc. # 11 at p. 7. The Court accepts this disavowal of Plaintiff's claims for non-monetary relief. Accordingly, the only remaining claims before the Court are the claims for damages.

On October 22, 2007, Davis filed a motion to dismiss. This motion has been fully briefed and is now before the Court for disposition. Plaintiff has opposed the motion.

## LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. Prior to the Supreme Court's recent decision in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007), a motion to dismiss could only be granted if a plaintiff could prove "no set of facts . . . which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964,

967 (11th Cir. 1986). Now, in order to survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. While the factual allegations of a complaint need not be detailed, a plaintiff must nevertheless "provide the 'grounds' of his 'entitlement to relief' and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. The plaintiff's "[f]actual allegations must be enough to raise a right to relief above a speculative level on the assumption that the allegations in the complaint are true." *Id*. It is not sufficient that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery." *Id.* at 1968 (internal quotation and alteration omitted). In considering a defendant's motion to dismiss, a district court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the plaintiff. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). *Accord, Nelson v. Campbell*, 541 U.S. 637, 640 (2004) (where a court is considering dismissal of a complaint at the pleading stage, it must assume the allegations of the complaint are true).

## DISCUSSION

**A. The Complaint Fails To Comply With The Heightened Pleading Requirement**.

The claims in this action are brought against Davis pursuant to 42 U.S.C. § 1983. Section 1983 provides a remedy when a person acting under color of state law deprives a plaintiff of a right, privilege, or immunity secured by the Constitution, laws, or treaties of the

United States. *See, e.g.,* 42 U.S.C. § 1983;[3] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) ("§ 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred") (internal quotes omitted); *Cummings v. DeKalb County*, 24 F.3d 1349, 1355 (11th Cir. 1994). To state a claim pursuant to § 1983, a plaintiff must point to a violation of a specific federal right. *See, e.g., Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir. 1996). In the Complaint, Plaintiff alleges that it was deprived of rights guaranteed it by the Fourth and Fourteenth Amendments to the United States Constitution. Specifically, Plaintiff complains of seizure of property without probable cause or legal authority.

More than a decade ago, the Eleventh Circuit Court of Appeals required plaintiffs bringing any claims pursuant to 42 U.S.C. § 1983 to satisfy a heightened pleading standard. *See, e.g., Oladeinde v. City of Birmingham,* 963 F.2d 1481 (11th Cir. 1992), *cert. denied,* 507 U.S. 987 (1993). To satisfy the heightened pleading standard, a plaintiff must plead the claims with some factual detail. *Id.* at 1485.

In 1993, the Supreme Court of the United States held that courts may not impose a

---

[3] Section 1983 provides in relevant part:
Every person who, under color of any statute, ordinance, regulation,

custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

6

heightened pleading requirement for claims pursuant to 42 U.S.C. § 1983 against municipal entities, but it specifically declined to reach the issue of whether a similar holding was warranted in such cases against individual government entities. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 167-68 (1993). It is clear that after the *Leatherman* decision, the Eleventh Circuit Court of Appeals determined that it was still appropriate to require heightened pleading in some cases pursuant to 42 U.S.C. § 1983. *See, e.g, Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1250-51 (11th Cir. 2003) (affirming the district court's decision to apply heightened pleading standard to a § 1983 claim); *Laurie v. Alabama Court of Crim. Appeals,* 256 F.3d 1266, 1275-76 (11th Cir. 2001) ("'Heightened pleading is the law of this circuit' when § 1983 claims are asserted against government officials in their individual capacities."); *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000) (recognizing "heightened pleading requirement applicable to section 1983 actions against individual government officials"); *GJR Invs., Inc. v. County of Escambia, Fla.,* 132 F.3d 1359, 1367-68 (11th Cir. 1998) (same).

In 2002, the United States Supreme Court decided a case which once again has caused some courts to reconsider the appropriateness of requiring heightened pleading. In *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506 (2002), the Supreme Court held that "an employment discrimination complaint need not include [specific facts establishing a prima facie case of discrimination under the framework set forth by *McDonnell Douglas Corp. v. Green*] and instead must contain only 'a short and plain statement of the claim showing that

the pleader is entitled to relief.'" *Swierkiewicz,* 534 U.S. at 508 (*citing* Fed. R. Civ. P. 8(a)(2)). While the clearly announced specific holding of this case makes it plain that it is applicable to employment discrimination cases and does not address cases against individual governmental actors pursuant to 42 U.S.C. § 1983, nearly every Circuit Court of Appeals has subsequently rejected a heightened pleading requirement in cases against government officials pursuant to 42 U.S.C. § 1983.[4] Despite this apparent trend, the Eleventh Circuit Court of Appeals has reiterated that it requires heightened pleading in civil rights cases to the extent that they are brought against individual defendants who might raise a qualified immunity defense on several occasions since the Supreme Court decided *Swierkiewicz*. *See, e.g., Swann v. Southern Health Partners, Inc.,* 388 F.3d 834, 838 (11th Cir. 2004); *Dalrymple v. Reno,* 334 F.3d 991, 996 (11th Cir. 2003); *Gonzalez,* 325 F.3d at 1235. In light of the

---

[4] The First, Second, Third, Sixth, Seventh, Eighth, Ninth, Tenth, and D.C. Circuits have rejected heightened pleading in the wake of *Leatherman*, *Swierkiewicz* and *Crawford-El v. Britton,* 532 U.S. 574 (1998) (rejecting a heightened burden of proof in a civil rights case against government officials). *See, e.g., Doe v. Cassel,* 403 F.3d 986, 988-89 (8th Cir. 2005); *Educadores Puertorriquenos en Accion v. Hernandez,* 367 F.3d 61, 66-67 (1st Cir. 2004); *Alston v. Parker,* 363 F.3d 229, 233-35 (3rd Cir. 2004); *Phelps v. Kapnolas,* 308 F.2d 180, 187 (2d Cir. 2002); *Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1125-26 (9th Cir. 2002); *Goad v. Mitchell,* 297 F.3d 497, 501-05 (6th Cir. 2002); *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002); *Currier v. Doran,* 242 F.3d 905, 911-17 (10th Cir. 2001); *Harbury v. Deutch*, 233 F.3d 596, 610 (D.C. Cir. 2000), *rev'd on other grounds sub nom. Christopher v. Harbury,* 536 U.S. 403 (2002) ("plaintiffs making constitutional claims based on improper motive need not meet any special heightened pleading standard"). *See also* 2 James Wm. Moore et al., Moore's Federal Practice § 9.10[2], at 9-62-67 (3rd ed. 2004). The Fifth Circuit Court of Appeals does not have heightened pleading, but instead uses a procedure pursuant to Federal Rule of Civil Procedure 7(a) in cases where a government official wishes to raise qualified immunity. *See, e.g., Schultea v. Wood,* 47 F.3d 1427, 1433-34 (5th Cir. 1995).

binding decisions from the Eleventh Circuit Court of Appeals and the absence of direct authority from the United States Supreme Court to the contrary, this Court will continue to apply the heightened pleading standard in cases pursuant to 42 U.S.C. § 1983 against governmental officials sued in their individual capacities.

Having determined that Plaintiff must comply with the heightened pleading requirement with respect to its articulation of the factual and legal bases for its claims pursuant to 42 U.S.C. § 1983 against Davis in his individual capacity, the Court must now determine whether it has done so. The Complaint and its exhibits are devoid of references to the factual predicate for Plaintiff's claims against Davis, as opposed to some other now dismissed defendant. Indeed, the Martin affidavit attached as an exhibit to the Complaint makes it plain that defendants other than Davis were the ones who came to Martin's business and seized Plaintiff's property, allegedly without legal justification for their actions. There are no allegations detailing Davis' actions with respect to the alleged violation of Plaintiff's constitutional rights. Thus, with respect to the bases for its claims against Davis, it is particularly plain that Plaintiff has failed to comply with the requirements of the heightened pleading standard of this circuit. It is impossible to ascertain from the allegations of the Complaint or the exhibits to the Complaint what factual basis exists for Plaintiff's claims against Davis. For this reason, the Court is inclined to grant the motion to dismiss to the extent that it is predicated on the argument that Plaintiff has failed to comply with the heightened pleading requirement. Nevertheless, the Court is also inclined to allow Plaintiff

an opportunity to amend its complaint to correct the deficiency.

**B. Official Capacity Claims Are Due To Be Dismissed.**

To the extent that Plaintiff intended to assert any claims against Davis, the Sheriff of Chilton County, in his official capacity, such claims are due to be dismissed. It is well-settled that under Alabama law, sheriffs and their deputies are state, and not county, officers. The Alabama Constitution includes sheriffs among the enumerated officers of the state executive department. Ala Const. Art. V, § 111 ("The executive department shall consist of a governor, lieutenant governor, attorney-general..., and a sheriff for each county."). Under Alabama law, deputies are the alter egos of the sheriff for whom they work. *See, e.g.*, *Carr v. City of Florence, Ala.,* 916 F.2d 1521, 1526 (11th Cir. 1990) (Alabama law deems acts of a deputy sheriff to be those of the sheriff); *Mosely v. Kennedy*, 17 So. 2d 536, 537 (Ala. 1944). The Alabama Supreme Court has repeatedly held that sheriffs and deputy sheriffs are state officials and not county officials. *See, e.g., Hereford v. Jefferson County*, 586 So. 2d 209, 210 (Ala. 1991)*; Parker v. Amerson*, 519 So. 2d 44, 442 (Ala. 1987). The United States Supreme Court has itself held that in Alabama sheriffs do not act as "policymakers" for the county in the area of law enforcement for § 1983 purposes. *McMillan v. Monroe County*, 520 U.S. 781, 793 (1997).

A suit against a government official in his official capacity is considered a suit against the official's office itself. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). When that office is an arm of the state government, the Eleventh Amendment "protects the sovereignty

of the state by prohibiting suits when recovery would be paid from state funds."[5] *Robinson v. Georgia Dep't of Transp.*, 966 F.2d 637, 638-39 (11th Cir. 1992); *see Edelman v. Jordan*, 415 U.S. 651 (1976) (defining scope of sovereign immunity under the Eleventh Amendment).

Under Alabama law, it is well-settled that sheriffs are executive officers of the state, and, as a result, suits against a sheriff are considered suits against the state. *Parker v. Amerson*, 519 So.2d 442, 442-43 (Ala.1987) ("A sheriff is an executive officer of the State of Alabama ...."); *see also McMillan v. Monroe County, Ala.*, 520 U.S. 781, 789 (1997) (holding that, based on an analysis of Alabama law, sheriffs are state officers and suits against them in their official capacity are suits against the state). This immunity also extends to the sheriff's deputies. *Carr v. City of Florence, Alabama*, 916 F.2d 1521, 1526 (11th Cir. 1990). Accordingly, this Court must consider a suit against Davis in his official capacity as Sheriff of Chilton County, Alabama a suit against the State of Alabama. Because the Eleventh Amendment bars suits against the state in federal court, in the absence of consent, this Court has no jurisdiction to hear any claims for monetary damages against Davis in his official capacity.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1. Defendant Kevin Davis's Motion to Dismiss (Doc. # 4) is GRANTED in part and

---

[5] There is no indication that Alabama has waived its sovereign immunity.

DENIED in part as set forth above.

2.  All claims for monetary damages against Davis in his official capacity are DISMISSED WITH PREJUDICE.

3.  All claims against Davis in his official capacity are DISMISSED WITHOUT PREJUDICE for failure to state a claim under the applicable heightened pleading standard.

4. Based on Plaintiff's representations, all claims for injunctive relief are DENIED as MOOT.

5. The Court will enter a final judgment in this matter and close this file if Plaintiff fails to file an Amended Complaint prior **May 19, 2008**.  Any such Amended Complaint must comply with the applicable heightened pleading standards and must set forth the factual basis for any claims pursuant to 42 U.S.C. § 1983 against Davis.

DONE this the 5th day of May, 2008.

                                                /s/ Mark E. Fuller
                                    CHIEF UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

# CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).