IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Gene Martin Auto Sales, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 2:07cv937-MEF |
| ) | |
| Kevin Davis, ) | |
| ) | |
| Defendant. ) | |

### **DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS**

COMES NOW, the Defendant, Kevin Davis, the Sheriff of Chilton County, Alabama, and submits the following Brief in Support of his Motion to Dismiss.

### **FACTS**

As this Court stated in its Memorandum Opinion and Order dated May 5, 2008, the Court "will accept as true all factual allegations contained in the Plaintiff's Complaint or any attachment to that document." (Document 15.) It follows that the Court will accept as true all factual allegations contained in the Plaintiff's First Amendment to Complaint and any attachment to that document.

Plaintiff is a corporation organized under the laws of the state of Alabama, with its principal place of business in Chilton County, Alabama. (Am. Compl. ¶ 2.) Plaintiff is a franchise dealer for Massey-Ferguson farming equipment and operates a used car sales business, a service shop, a body shop, and parts department. (Id.)

Plaintiff alleges that on or about 4:30 p.m. (or 5:00 p.m. according to attached affidavit) on October 12, 2007, the "defendants" took possession of the plaintiff's place of business, closed

1

it down, and seized property belonging to plaintiff. (Id. ¶ 4; see also Martin Aff. ¶ 3.) The Plaintiff, in its amended complaint, alleges that defendants are Sheriff and Deputy Sheriffs of Chilton County, Alabama. (Am. Compl. ¶ 3.) Plaintiff alleges that the defendants did not have probable cause or legal authority. (Id. ¶ 4.) Plaintiff further alleges that the defendants represented to plaintiff that they had a search warrant, but refused to show it or provide a copy. (Id.) Plaintiff alleges that a search warrant was not issued until about 7:30 p.m. on October 12, 2007. (Id.) Plaintiff also alleges that the search warrants were defective and not issued in accordance with state law. (Martin Aff. ¶ 4.)

Plaintiff alleges that the defendants have illegally seized and taken possession of the plaintiff's real estate and have also seized corporate checkbooks, franchise checkbooks, records, inventory, vehicles, computers and computer records, and other items of personal property. (Id. ¶ 6.) Plaintiff also alleges that the defendants have intercepted U.S. mail delivered to the plaintiff, and are opening said mail. (Id. ¶ 9.) Plaintiff further alleges that the defendants have turned away and harassed customers of the plaintiff, seized the property of customers, and blocked entrances to the premises. (Id. ¶ 10.)

Plaintiff alleges that the Chilton County deputy sheriffs performed all the acts under the direct supervision and pursuant to the instructions of the defendant, Kevin Davis. (Am. Compl. ¶ 7.) Plaintiff also alleges that the intention of the defendant was to disrupt or close down the plaintiff's business. (Id. ¶ 8.) As a result of defendant's actions, plaintiff alleges that it has suffered damages in loss of business, is in danger of losing its franchise, and has suffered and continues to suffer irreparable damages. (Id. ¶ 6.)

## LEGAL STANDARD

As this Court stated in its Memorandum Opinion and Order, the Supreme Court's decision in Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007), established the standard of whether a plaintiff's complaint can survive a motion to dismiss for failure to state a claim. In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974. The plaintiff must "provide the 'grounds' of his 'entitlement to relief' and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965. The plaintiff's "[f]actual allegations must be enough to raise a right to relief above a speculative level on the assumption that the allegations in the complaint are true." Id. It is not sufficient that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery." Id. at 1968 (internal quotation and alteration omitted). In considering a defendant's motion to dismiss, a district court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the plaintiff. See Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007).

## DISCUSSION

**I.     The Plaintiff's First Amendment to Complaint is due to be dismissed because it fails to meet the heightened pleading standard.**

This Court stated that Plaintiff's original complaint failed to meet the heightened pleading standard because there were "no allegations detailing Davis' actions with respect to the alleged violation of Plaintiff's constitutional rights" and because it was "impossible to ascertain from the allegations of the Complaint or the exhibits to the Complaint what factual basis exists for Plaintiff's claims against Davis." Plaintiff's First Amendment to Complaint has not cured these defects, and this Court should dismiss Plaintiff's claim.

3

As this Court stated, the Eleventh Circuit continues to require heightened pleading in civil rights cases that are brought against individual defendants who raise a qualified immunity defense. This heightened pleading requires the pleadings contain "some factual detail," and that a plaintiff bringing a § 1983 claim "allege with some specificity the facts which make out its claims." GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998). "More than mere conclusory notice pleading is required [and] [a] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003).

Plaintiff's additions to its original complaint are nothing more than bald assertions with no "factual detail;" factual detail that the Eleventh Circuit clearly requires in order to satisfy the heightened pleading standard. Plaintiff alleges that the acts of the deputy sheriffs were performed under the direct supervision and pursuant to the instructions of Sheriff Davis. Plaintiff further alleges that the deputies were carrying out the orders of Sheriff Davis. However, Plaintiff offers no factual support for these allegations, but only offers allegations that are vague and conclusory.

Furthermore, Plaintiff alleges that Sheriff Davis' intention was to disrupt and close down its business, but again, Plaintiff only makes allegations of opinion and conjecture, not fact. This allegation contains no factual detail, much less the "some factual detail" required by the Eleventh Circuit. This Court held that Plaintiff's original Complaint did not meet the heightened pleading standard, and it is clear that Plaintiff has not added any factual details or allegations to its Amendment to Complaint. It remains impossible to ascertain from the allegations of the Amendment to Complaint or the exhibits to the Amendment to Complaint what factual basis

4

exists for Plaintiff's claims against Davis. Thus, Plaintiff has still not met the heightened pleading standard and Defendant's Motion to Dismiss should be granted.

## CONCLUSION

Based on the foregoing arguments, the Plaintiff's Amendment to Complaint against the Defendant fails to present any claims with an arguable or rational basis in law or fact.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that this Honorable Court will enter an Order dismissing this action with prejudice.

/s/ C. Winston Sheehan, Jr.
C. WINSTON SHEEHAN, JR. (SHE013)
Attorney for Defendant, Kevin Davis

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama  36102-2148
Phone: (334) 387-7680
Fax:    (334) 387-3222

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 29, 2008, I electronically filed the foregoing with the Clerk of the Court, using the ALAFILE system which will send notification of such filing to the following registered persons and that those persons not registered with the ALAFILE system were served by U.S. mail:

Hon. Charles Cleveland
CLEVELAND & CLEVELAND, P.C.
2330 Highland Avenue South
Birmingham, Alabama 35205

                                                 /s/ C. Winston Sheehan, Jr.
                                                 OF COUNSEL